IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHELBY COLEMAN, ) | |
| ) | |
| Movant, ) | |
| ) | Civil No. 6:17-cv-03142-MDH-P |
| vs. ) | Crim. No. 6:13-cr-03090-MDH-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Movant, who is incarcerated at Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to convictions and sentences entered in the above-cited criminal case, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons explained below, Movant's motion is DENIED.

### I.   Background

On October 3, 2013, at the arraignment, Movant entered a plea of not guilty to the one-count indictment for sexual exploitation of children. (Doc. 1). On September 10, 2014, Movant filed a motion to suppress. (Crim. Doc. 38). Following a hearing on the motion, the United States Magistrate Judge issued its Report and Recommendation on March 18, 2015, denying Movant's motion. (Crim. Doc. 51). Ultimately, the Court remanded the matter back to the magistrate court to enlarge the record. (Crim. Doc. 53). Following a second hearing, the Court granted Movant's motion insofar as it pertains to (1) statements made by Movant after the warrantless entry into his hotel room on the morning of the arrest, and (2) several digital devices. (Crim. Doc. 61). However, the motion was specifically denied as to the seizure of Movant's iPhone and iPad. *Id*.

On January 12, 2016, Movant pleaded guilty to the one-count indictment, pursuant to a written plea agreement. (Crim. Doc. 68). The written plea agreement contained a waiver of appellate and post-conviction relief rights. (Crim. Doc. 71, ¶15). The Court accepted Movant's plea on February 1, 2016. (Crim. Doc. 73)

On May 17, 2016, Movant appeared before this Court for sentencing. The Court overruled Movant's objections to the presentence investigation report ("PSR"), which included the five-level increase due to a pattern of activity involving sexual contact and the two-level increase for use of a computer. (Crim. Doc. 76). The PSR calculated an offense level of 36 and criminal history category of I, and determined the Guidelines range to be 188 to 235 months' imprisonment. The statutory range of punishment is a minimum term of 15 years and a maximum term of 30 years. The Court sentenced Movant to 188 months' imprisonment, to be followed by a 10-year term of supervised release. (Crim. Doc. 76). Movant did not appeal.

**II. Legal Standard**

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A claim of ineffective assistance of counsel may be sufficient to attack a sentence under § 2255; however, the "movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076

(8th Cir. 1996). In such cases, the Court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Under *Strickland*, a prevailing defendant must prove "both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir. 1985)). As to the "prejudice" prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cheek*, 858 F.2d at 1336 (quoting *Strickland*, 466 U.S. at 694). To be sure, "[c]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

### III. Analysis

Movant asserts four claims of ineffective assistance of counsel: (1) counsel failed to "more vigorously" assert his claim that evidence seized during the investigation should have been suppressed; (2) counsel failed to properly object to the enhancement for pattern of behavior; (3) counsel failed to assert the proper argument in support of his objection to enhancement for computer use; and (4) "The 15 year minimum of § 2251 should not be applied." (Doc. 1.) Additionally, Movant claims the length and conditions of his supervised release are unreasonable. (Doc. 2, p. 23). In response, Respondent argues, *inter alia*, that Movant's claims "are contradicted by the record, inherently incredible, or are conclusions unsupported by facts." (Doc. 5, p. 2.)

3

### a. Ground One is without merit

Movant argues that during the suppression hearing, "[c]ounsel should have objected to the sua sponte raising [of an issue by the Court], as no significant interest required the Court to abandon its normal practice of staying with the issues litigated by the parties." (Doc. 2, p. 6). Although Movant does not specify the issue raised by the Court during the hearing, he contends counsel was ineffective for failing to pursue his interests "more vigorously" in this matter. *Id.* at p. 7. Respondent argues counsel "acted diligently in filing a motion to suppress the evidence and successfully convinced the court to suppress some of the evidence seized during the investigation." (Doc. 16, p. 2). Respondent further states that "[e]ven if the court had been persuaded to suppress all the evidence, however, the Government's case would have been largely unaffected because Coleman's communications with the minor victim were already in the possession of the investigators." *Id*.

Here, the record shows counsel moved for suppression of his statement and items seized from him on the morning of his arrest. Counsel's motion was partially successful in that Movant's statements were suppressed. It cannot reasonably be said that counsel's decision to not take further action fell "below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). "Counsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez*, 17 F.3d at 226. Consequently, because Movant failed to establish deficient performance and prejudice, Ground One is without merit.

### b. Grounds Two and Three are without Merit

Movant contends counsel was ineffective for failing to adequately object to the application of two provisions of the Sentencing Guidelines -- a five-level enhancement for engaging in a pattern of activity of involving prohibited sexual contact, and a two-level

4

enhancement for use of a computer. Respondent argues "Coleman admitted to picking up a 14-year-old boy at his middle school and engaging in sexual acts with him, triggering the five-level increase to his Guidelines base offense level." (Doc. 16, p. 2). "Moreover, there is no question, as Coleman admits, that the two-level increase for use of a computer was appropriate." *Id*.

As to the first enhancement, the Court notes that Movant admits he claimed to have had sexual relations with a 14-year old child. (Doc. 2, pp. 7, 8-9). Although Movant argues the Court should have disregarded his statement because there was no evidence other than Movant's statement, the Court is entitled to use the information from Movant in imposing an appropriate sentence. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Consequently, based on Movant's admission and in light of the fact counsel did file objections to the enhancement contained in the PSR, the Court does not find that his counsel's representation was deficient so as to constitute ineffective assistance of counsel.

As to the second enhancement, Movant claims counsel challenged the enhancement on a technical basis rather than "urg[ing] the Court to reject the enhancement on policy grounds[.]" (Doc. 2, p. 16). However, again, Movant acknowledges that he used his cell phone which is deemed a computer to commit the offense. *Id*. at p. 16. Additionally, "Counsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez*, 17 F.3d at 226. Therefore, based on Movant's admission to the use of a computer, the Court concludes the enhancement was correctly applied, and counsel cannot be found to have been ineffective in his representation of Movant.

5

Additionally, the Court further notes that "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences." *United States v. Ladue*, 866 F.3d 978, 982 (8th Cir. 2017) (citing *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999)). *See also Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (holding that movant did not meet his burden of establishing that counsel was ineffective where government and district court informed movant of his statutory sentencing range and that his advisory guideline range could differ from what his attorney had predicted).

Because Movant was advised in the plea agreement and on the record, Grounds Two and Three are denied.

### c. Ground Four is without merit

Movant argues counsel was ineffective for failing to request the Court disregard the statutory minimum sentence. Movant claims "[a]n offender's sentence depends less on what he actually did, and more on what his prosecutor wishes to charge him with and how to manipulate the sentencing guidelines." (Doc. 2, p. 20). Respondent states "there was no legal basis for the court to impose a sentence below the statutory minimum." (Doc. 16, p. 2).

However, because it is not within this Court's authority to change the crime to which Movant pleaded guilty and to disregard the statutory minimum sentence, Movant is not entitled to relief. Movant thus has failed to demonstrate a constitutional or jurisdictional error or an error of law that "constitutes a fundamental defect which inherently result[ed] in a complete miscarriage of justice." *Sun Bear,* 644 F.3d at 704. Thus, Ground Four is denied.

### d. Ground Five is without merit

Although not listed as a specific ground for relief in the motion, Movant argues in his memorandum in support of his motion that the length and conditions of his supervised release in

6

addition to his prison term constitutes "unnecessarily harsh conditions." (Doc. 2, p. 23). Movant claims "supervised release is … a significantly severe penalty … which raises some constitutional concerns[.]" *Id*. Respondent contends the length of the term of supervised release was appropriate given the nature of the offense. (Doc. 16, p. 2).

Sentencing courts "are afforded 'wide discretion when imposing terms of supervised release.'" *United States v. Smart*, 472 F.3d 556, 557 (8th Cir. 2006) (quoting *United States v. Behler*, 187 F.3d 772, 778 (8th Cir. 1999)). The conditions on supervised release must be "reasonably related" to certain factors set forth in 18 U.S.C. § 3553(a), must not "deprive the defendant of liberty to a greater degree than is reasonably necessary[,]" and must be "consistent with any relevant policy statements by the Sentencing Commission." *Id.* (quoting *United States v. Conelly*, 451 F.3d 942, 945 (8th Cir. 2006)).

Here, Movant was convicted of sexual exploitation of a minor, and was arrested after trying to meet the minor child to engage in illegal sexual acts. According to the PSR, a search of Movant's digital storage devices found nearly 7,000 images and videos depicting children, some as young as seven years old, engaging in sexual acts. (PSR 6, ¶ 27). Movant admitted to the investigators that his sexual preference was for children just after puberty. (PSR 4, ¶ 11). Movant was sentenced to 10 years of supervised release following his release. (Crim. Doc. 76). In light of these circumstances, the 10-year sentence of supervised release cannot be said to be so great that is will "deprive the defendant of liberty to a greater degree than is reasonably necessary." *Smart*, 472 F.3d at 557. Furthermore, as previously stated, "[c]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez*, 17 F.3d at 226.

Accordingly, Ground 5 is denied.

### IV. Certificate of Appealability

Because the Court finds Movant has failed to demonstrate a reasonable basis for his claim that his counsel was ineffective in his representation of Movant, Movant's motion to vacate his sentence is denied. Additionally, since the motions, files, and records conclusively show Movant is not entitled to relief, Movant's request for an evidentiary hearing is denied. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) ("A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief.").

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

### V. Conclusion

Accordingly, for the reasons explained above, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED and a Certificate of Appealability is DENIED. This action is dismissed.

**IT IS SO ORDERED.**

/s/ Douglas Harpool
DOUGLAS HARPOOL, JUDGE
UNITED STATES DISTRICT COURT

Dated: January 31, 2018

8

Case 6:13-cr-03090-MDH    Document 80    Filed 01/31/18    Page 8 of 8